UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-126-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **COHEN CHAY SIVILAY,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se motion for reduced sentence under Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 27). Because Defendant is ineligible for sentence reduction, the Court will deny Defendant's motion.

I. **Background**

In March 2018, the Government charged Defendant by bill of information with drug trafficking conspiracy and money laundering conspiracy in violation of 21 U.S.C. § 841(a)(1), 846 and 18 U.S.C. § 1956(a)(1)(B)(i), respectively. (Doc. No. 5). Defendant entered into a plea agreement with the Government and pleaded guilty to both offenses. (Doc. Nos. 6, 11).

The probation office submitted a presentence report, calculating a total offense level of 39, one criminal history point related to Defendant's prior convictions, and two additional criminal history points because Defendant committed his offense while on probation. (Doc. No. 16 ¶¶ 52, 58–59). Based on Defendant's offense level (39) and criminal history category (II), the probation office found that the Sentencing Guidelines advised a sentence between 292 and 365 months in prison.

At sentencing, the Government moved for a downward departure and a two-offense-level downward variance. (Doc. No. 25). In light of the variance, Defendant's guideline range decreased to 235–293 months imprisonment based on an offense level of 37 and a criminal history category of II. Id. The Court sentenced Defendant to 144 months in prison, 61% of the post-variance guideline range. (Doc. No. 24). Defendant now asks the Court to reduce his sentence based on amendment 821 to the Sentencing Guidelines. (Doc. No. 270.

**II.     Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

Part B, Subpart 1, of Amendment 821 adds a new guideline provision to chapter four, U.S.S.G. § 4C1.1. This new guideline authorizes a two-offense-level decrease if a defendant has (1) zero criminal-history points, and (2) did not receive a terrorism adjustment under U.S.S.G. § 3A1.4; (3) did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense was not a sex offense;

(6) did not personally cause substantial financial hardship; (7) did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon in connection with the offense; (8) the offense was not an offense involving individual rights covered by U.S.S.G. 2H1.1; (9) did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848. U.S.S.G. 4C1.1.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a

defendant's sentence be reduced to a term less than the term he has already served. <u>Id</u>. § 1B1.10(b)(2)(C).

### III. Analysis

Because application of Amendment 821 would not result in a lower sentence than that actually imposed by the Court, Defendant is ineligible for sentence reduction under Amendment 821.

Defendant received two criminal history points because he committed his drug trafficking and money laundering offenses while he was under a criminal justice sentence. Under Amendment 821, Defendant would not receive those criminal history points, because he received fewer than seven criminal history points related to his prior convictions. Without those two additional criminal history points, Defendant's criminal history category would be reduced from category II to category I. <u>See</u> U.S.S.G. ch. 5, part A. Defendant's guideline range, based on a total offense level of 39 and a criminal history category of I, would be reduced to 262–327 months in prison. <u>See</u> <u>Id.</u> A reduction in the bottom of the guidelines range comparable to that actually imposed by the Court (62% of the term) would result in a sentence of 162 months. But that sentence is higher than the 144 months Sivilay is currently serving. Because application of Amendment 821 does not result in a lower sentence than that actually imposed by the Court, Defendant is ineligible for sentence reduction under Amendment 821.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se motion for reduced sentence under Amendment 821 to the United States Sentencing Guidelines (Doc. No. 27) is **DENIED**.

Signed: April 4, 2024

Max O. Cogburn Jr
United States District Judge